**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TSHEPO MAPHORISA,** : | |
| : | |
| Petitioner : | |
| : | **CIVIL NO. 3:CV-09-0298** |
| v. : | |
| : | **(Judge Caputo)** |
| **DISTRICT DIRECTOR, ICE, *ET AL*.,** : | |
| : | |
| Respondents : | |

**M E M O R A N D U M**

I. Introduction

Tshepo Maphorisa, a native and citizen of Botswana, and former detainee of the Bureau of Immigration and Customs Enforcement (ICE), filed this Petition for Writ of Habeas Corpus on February 17, 2009, challenging his continued detention and denial of release on bond during his removal proceedings. (Doc. 1, Pet.) Respondents filed a response to the Petition asserting that Mr. Maphorisa's due process rights were not violated as he was being lawfully detained without bond after he failed to show he was not a danger to the community. (Doc. 6, Response.) On February 8, 2010, Respondents filed a Notice to the Court (Doc. 17) advising that Mr. Maphorisa is presently in state custody serving a four to twenty-two month state sentence, and is not in ICE custody. Additionally, they note that an ICE detainer has been lodged against Mr. Maphorisa. *Id*.

Based on the information before the Court, Mr. Maphorisa's petition will be denied as he is not in ICE custody.

II.  Background

Mr. Maphorisa entered the United States on or about September 28, 2001, as a non-immigrant student to attend Drexel University in Philadelphia, Pennsylvania. (Doc. 6-2, Respondents' Exh. at R. 3 and RR. 5 - 7.)[1] As of August 28, 2008, Mr. Maphorisa was no longer enrolled at Drexel University and the last redesignation of record for his Student Education and Visitor Service (Sevis) ID expired on August 9, 2008. *Id.*

On March 13, 2008, the Philadelphia Police Department arrested Tshepo Marphorisa with simple assault and reckless endangerment. The charges were subsequently with drawn. (*Id.* at RR. 5 - 9.)

On June 12, 2008, Mr. Marphorisa was arrested by the Philadelphia Police Department and charged with simple assault, reckless endangerment, and terroristic threats. *Id*. On August 19, 2008, Tshepo Marphorisa was arrested and charged by the Philadelphia Police Department for stalking, harassment, and contempt for violation of an order. He was released on bail pending trial. *Id.* As of the date of Respondents' response to the Petition, March 30, 2009, the charges against Mr. Marphorisa were still pending with an expected trial date of April 3, 2009. (Doc. 6, Response.)

On September 5, 2008, ICE served Mr. Marphorisa with a Notice to Appear (NTA) before an Immigration Judge (IJ) to determine why he should not be removed

---

[1] Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

-2-

from the United States. (Doc. 6-2 at R. 1.) The NTA charged that Tshepo Maphorisa was removable under § 237(a)(1)(C)(I) of the Immigration and Nationality Act (INA), as amended, in that after admission as a non-immigrant under Section 101(a)(15) of the INA, he failed to maintain or comply with the conditions of the non-immigrant status under which he was admitted. *Id.*

Mr. Maphorisa, with the assistance of counsel, requested bond pending removal proceedings. (*See* Doc. 6-2 at R. 10.) The IJ denied the request on October 14, 2008. Specifically, the IJ found that "Respondent has failed to show that he is not a danger to the community." *Id.* Mr. Maphorisa appealed the IJ's bond determination with the Board of Immigration Appeals (BIA). (*Id.* at R. 11.)

On February 8, 2010, the Respondents notified the Court that Tshepo Maphorisa was taken into state custody on November 30, 2009, after being convicted on state charges. (Doc. 17, Notice to the Court.) Mr. Maphorisa is serving a four to twenty-two month state sentence.[2] An ICE detainer has been lodged against him. *Id.*

III. Discussion

Title 28 U.S.C. § 2241 authorizes the district courts to issue habeas corpus relief where a petitioner is in custody in violation of the Constitution or laws or

---

[2] The Court has verified that Mr. Maphorisa was found guilty of making terroristic threats, and simple assault following a bench trial, and that he is presently serving a state sentence in a Philadelphia county prison. *See Commonwealth of PA v. Maphorisa*, CP-51-0006553-2009 (Philadelphia County Court of Common Pleas), docket sheet available at http:/ujsportal.pacourts.us.

treaties of the United States. 28 U.S.C. § 2241(c)(3). The Supreme Court has held that § 2241 confers jurisdiction upon the federal courts to consider cases challenging the detention of aliens during removal proceedings. *Demore v. Kim*, 538 U.S. 510, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

At this point in time, Mr. Maphorisa is *not* in ICE custody. He is serving a Philadelphia Court of Common Pleas criminal sentence and not incarcerated based upon ICE's detainer. The Third Circuit Court of Appeals has found that a prisoner who is serving a criminal sentence is not "in custody" simple because ICE has lodged a detainer against him. *See Adams. v. Apker*, 148 Fed. Appx. 93, 95 (3d Cir. 2005). Thus, the Court does not have jurisdiction over his Petition which challenges his detention by ICE pending his removal proceedings as he is not in ICE custody.

To the extent Tshepo Maphorisa was in ICE custody when he filed his habeas petition, his Petition is equally moot as he was released prior to this Court's adjudication of the merits of his allegations. When a habeas petitioner has been released from custody after filing a petition, the relevant inquiry becomes whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Rendell v. Rumsfeld*, 484 F.3d 236, 240-241 (3d Cir. 2007). This means that throughout the litigation, an actual controversy, possible of redress by a favorable judicial decision, must exist. *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002). When an alien subject to removal challenges only his detention

-4-

pending removal, his release pending removal, whether or not conditional, entails no collateral consequences. It renders the petition moot because he has received all the relief he sought and would have been entitled to, he is no longer in ICE custody. *Sanchez v. Attorney General, United States*, 146 Fed. Appx. 547, 549 (3d Cir. 2005)(non-precedential); *Riley v. Immigration & Naturalization Serv.*, 310 F.3d 1253, 1257 (10rth Cir. 2002); *Jones v. Dep't of Homeland Security*, 325 F. Supp.2d 551, 554 (E.D. Pa. 2004).

As Mr. Maphorisa is no longer in ICE custody, but currently is serving a criminal sentence, his petition challenging his ICE detention pending his removal proceedings is now moot.

**ACCORDINGLY, THIS   17th   DAY OF FEBRUARY, 2010, IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (doc. 1) is dismissed as moot.

2. Petitioner's Motion for Order (doc. 8) is denied as moot.

3. Petitioner's Motion to Expedite (doc. 14) is denied as moot.

4. The Clerk of Court is directed to send a copy of this Order and Memorandum to Mr. Maphorisa at his present location, the Curran-Fromhold Correctional Facility.

5. The Clerk of Court is directed to close this file.

**/s/ A. Richard Caputo**
**A. RICHARD CAPUTO**
**United States District Judge**